DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Linda Sue Costoff, appeals from the order of the Summit County Court of Common Pleas, which granted summary judgment to Appellee, P.J. Agarwal, M.D. We affirm.
 I. {¶ 2} Ms. Costoff initially sued Dr. Agarwal in 2000, alleging the wrongful death of Richard Costoff, based on medical malpractice and negligence. Dr. Agarwal moved to dismiss because the statute of limitations had expired. The trial court granted the motion and dismissed the complaint. Ms. Costoff appealed but then voluntarily dismissed the appeal, succinctly ending the case.
 {¶ 3} In 2002, Ms. Costoff refiled her complaint, and again named Dr. Agarwal. Dr. Agarwal's answer denied the allegations and identified both statute of limitations and res judicata/collateral estoppel as affirmative defenses. Rather than merely reasserting the statute of limitations defense, Dr. Agarwal moved to dismiss based on res judicata and collateral estoppel. Dr. Agarwal attached the trial court's order that had previously dismissed the claim for exceeding the statute of limitations. The trial court dismissed the case, but on appeal this Court reversed and remanded with explanation that because the decision relied on evidence outside the face of the complaint, the proper procedural device was summary judgment per Civ.R. 56(C) rather than dismissal per Civ.R. 12(B)(6). Costoffv. Akron Gen. Med. Ctr., 9th Dist. No. 21213, 2003-Ohio-962.
 {¶ 4} On remand, Dr. Agarwal attached copies of the trial court's prior judgment entries to his motion for summary judgment, which Ms. Costoff opposed. Specifically, Ms. Costoff argued that Dr. Agarwal's motion failed to produce evidence of the type identified in Civ.R. 56(C) or support the attached documents with an affidavit. Based on this allegation, Ms. Costoff concluded that she was under no obligation to produce any evidence to rebut Dr. Agarwal's motion. In his reply brief, Dr. Agarwal provided the contested affidavit and attached certified copies of the trial court's prior judgment. The trial court granted the motion for summary judgment.
 {¶ 5} Ms. Costoff timely appealed the decision to this Court and asserted four assignments of error.
 II. A. First Assignment of Error
"The trial court applied the wrong burden of proof in granting appellee's summary judgment motion."
 {¶ 6} In her first assignment of error, Ms. Costoff asserts that, in order to meet its burden on summary judgment, the moving party must produce specific evidence to disprove the opponent's claim, and that Dr. Agarwal failed to do so. We disagree.
 {¶ 7} We begin by recognizing that appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Accordingly, an appellate court reviews the same evidence that was properly before the trial court. Am.Energy Servs., Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208. Under Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} As to the parties' burdens, the party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a defendant moves for summary judgment, Civ.R. 56(B) directs the process:
"A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim * * * [.]"
Overall, Civ.R. 56(C) provides:
"Summary judgment shall be rendered forthwith if the pleadings * * * [and] affidavits * * * timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence * * * may be considered except as stated in this rule."
The nature of the evidence in the present case, which Ms. Costoff also contests, is individually addressed below, in assignment of error number two.
 {¶ 9} Regarding the moving party's burden, Ms. Costoff agues that a defendant cannot merely point to a failure in the plaintiff's claim, but must affirmatively disprove the plaintiff's claim through the production of some evidence. Notably, this is the same argument urged by the losing party in the landmark summary judgment case of Celotex Corp. v. Catrett
(1986), 477 U.S. 317, 319-20, 91 L.Ed.2d 265. After an extensive examination of Celotex, the Ohio Supreme Court concluded:
"Our reading of Celotex and of Civ.R. 56 is that there is simply no requirement that a party who moves for summary judgment must support the motion with affidavits negating the opponent's claims. Indeed, there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with anyaffirmative evidence, i.e., affidavits or similar materialsproduced by the movant." (Emphasis in original; internal citations omitted.) Dresher, 75 Ohio St.3d at 291-92.
However, the Court went on to explain that the moving party must do more than "mak[e] a conclusory assertion that the nonmoving party has no evidence to prove its case"; but rather, must support the motion by pointing to some evidence properly in the record, such as those identified in Civ.R. 56(C). Id. at 293. The Court labeled this facet as demonstrating the absence of any material issue on some element of the opponent's case. Id. at 292.
 {¶ 10} In the present case, Dr. Agarwal was the defendant against whom Ms. Costoff had asserted her claim. Dr. Agarwal moved for summary judgment by informing the trial court that the claim was barred by res judicata and identifying the portion of the record on which the motion was based: certified copies of the trial court's prior decisions. Based upon our review of the record, we must concur with the trial court that Dr. Agarwal met his burden by demonstrating an absence of genuine issue of material fact based on the certified copies of the prior decision. At this point, the burden shifted to Ms. Costoff to refute the motion.
 {¶ 11} Ms. Costoff's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in granting defendants' summary judgment motion because the matters presented by defendants outside the pleadings and the subsequent affidavit failed to meet the requirements of Civil Rule 56(c), therefore, appellee failed to meet his burden of proof."
 {¶ 12} In her second assignment of error, Ms. Costoff challenges the evidence supplied by Dr. Agarwal by asserting that the trial court could not consider its prior judgment entry, despite the inherent authenticity of the certified copies. We disagree.
 {¶ 13} Pursuant to Civ.R. 56(C), only certain evidence, as set forth in that section, may be considered by a court when rendering summary judgment. Specifically, a court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C). Due to this strict language, the abovementioned affidavits typically become the means to introduce other evidence for consideration in a summary judgment motion. Robinson v. Springfield Local School Dist.
(Mar. 27, 2002), 9th Dist. No. 20606. Use of these affidavits overcomes concerns with the authenticity of the evidence put before the court. Mitchell v. Ross (1984), 14 Ohio App.3d 75,75 ("Documents which are not sworn, certified or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court.").
 {¶ 14} Thus, the purpose is to ensure the authenticity of the offered documents, and notably, that purpose is not infringed if the authenticity is not challenged. See Ins. Outlet Agency, Inc.v. Am. Med. Sec., Inc., 5th Dist. No. 01 CA 118, 2002-Ohio-4268, at ¶ 13. Therefore, courts generally do not require an affiant to support an already certified or sworn document before admitting it into the record. See, e.g., Robinson, supra; Mitchell,14 Ohio App.3d at 75; Garver v. Beaver Twp. (Jan. 24, 1994), 7th Dist. No. 93 CA 8 ("The record in that case could be certified and filed in this case as evidence."); Havens v. Port Clinton
(May 23, 1986), 6th Dist. No. OT-85-26 ("We hereby hold that the coroner's verdict, having been properly certified, does not have to be in the form of an affidavit."). In addition, it is generally understood that a requirement that papers be sworn or certified may be satisfied by a certification contained within the paper itself rather than an external affidavit. See Wall v.Firelands Radiology (1995), 106 Ohio App.3d 313, 334.
 {¶ 15} In the present case, it is uncontested that Dr. Agarwal obtained and provided certified copies of the trial court's previous judgment entry. Thus, the authenticity was not challenged, merely the admission of the document, purportedly without a supporting affidavit. We conclude that a properly certified judgment entry may be entered into the record without an accompanying affidavit. Therefore, the trial court did not err in considering the court's previous journal entry. Ms. Costoff's second assignment of error is overruled.
 C. Third Assignment of Error
"The trial court erred in taking judicial notice of prior proceedings in the court, except for proceedings in the immediate case."
 {¶ 16} In her third assignment of error, Ms. Costoff asserts that a trial court may not take judicial notice of its own prior judgment entries. Upon review of the record, we note that the trial court did not expressly take judicial notice, nor does Ms. Costoff argue as much. Rather, Ms. Costoff insists that the trial court implicitly took judicial notice by relying on and referring to the previous judgment entry. However, in the first two assignments of error, we concluded that certified copies of the prior judgment entries were properly before the court. That is, the trial court did not take it upon itself to consider these entries under an implied judicial notice. Therefore, Ms. Costoff's argument is contrary to the evidence in the record. As such, this third assignment of error is overruled.
 D. Fourth Assignment of Error
"Appellant was denied procedural due process where the trial court considered appellee's amended summary judgment motion by way of a reply and affidavit after the date set upon which the motion would be deemed ripe for decision and in not allowing appellant the opportunity to present evidentiary materials in opposition to defendant's amended summary judgment motion."
 {¶ 17} In her fourth assignment of error, Ms. Costoff now asserts that she was denied procedural due process because the rules do not provide for the subsequent reply to the moving party's summary judgment reply brief. We disagree.
 {¶ 18} Our review of the record demonstrates that nothing in Dr. Agarwal's reply was new or unexpected — rather, it was entirely predictable. Dr. Agarwal moved for summary judgment via res judicata; Ms. Costoff contested the judgment entry for lack of an affidavit; therefore, Dr. Agarwal produced certified copies and provided the affidavit.
 {¶ 19} As set forth in our discussion above, the moving party bears the initial burden. Dresher, 75 Ohio St.3d at 293. But, once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115.
 {¶ 20} Ms. Costoff had ample opportunity to respond to the substance of the summary judgment motion in her own reply brief, to submit evidentiary material, or to argue a genuine issue of material fact, but instead chose to attack only the absence of the affidavit. This was her strategic decision. Just because the outcome of her decision was unfavorable does not necessitate the finding that she was denied procedural due process. See OAPSE,AFSCME v. Lakewood City School Dist. Bd. of Edn. (1994),68 Ohio St.3d 175, 176 (stating that procedural due process consists of notice and a meaningful opportunity to be heard), citingCleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532, 84 L.Ed.3d 494. We find no denial of procedural due process under this scenario.
 {¶ 21} Ms. Costoff's fourth assignment of error is overruled.
 III. {¶ 22} Ms. Costoff's assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J., concur.