DECISION AND JOURNAL ENTRY
{¶ 1} Appellants Patrick Electric Co. and Thomas R. Patrick (collectively "Patrick") appeal from the Lorain County Court of Common Pleas, which granted summary judgment to appellee Southern Electric Supply (Southern). We affirm.
 I. {¶ 2} Southern sued Patrick to recover past due invoices totaling $42,579.42 plus interest. In support of its complaint, Southern attached 12 pages of account statements and an "Application for Credit," dated May 23, 1996 and signed by Thomas Patrick in two capacities: as a representative of Patrick Electric Co. and as a personal guarantor for any debt. Patrick answered with a denial and the case proceeded to discovery, which included a deposition of Thomas Patrick.
 {¶ 3} Eventually, Southern moved for summary judgment, alleging that the signed agreement and outstanding invoices satisfied its prima facie case and that Thomas Patrick's testimony established that there were no genuine issues of material fact in dispute. Southern attached Thomas Patrick's deposition transcript to its motion. Southern also attached an unsigned affidavit of an unnamed company representative, which the trial court explicitly declined to consider. Patrick opposed the motion, arguing among other things that: (1) the May 23, 1996 agreement did not apply to these outstanding accounts because the parties' prior account had closed in 1998 and a new account was created in 2000 without any written agreement; and (2) Southern had already recovered some of the claimed invoices directly from Patrick's customer, Telamon Construction, Inc., under a separate agreement between Southern and Telamon. These are the only two arguments Patrick has reasserted in this appeal.
 {¶ 4} Southern responded to the motion by demonstrating that Patrick presented no evidence to support its contention that the account had been closed in 1988. Southern explained that although Thomas Patrick testified that the account had been closed, this was admittedly based on his own speculation or understanding, and not based on any first-hand knowledge. Similarly, Southern pointed out that Thomas Patrick had testified that he was not involved in the agreement between Southern and Telamon, so he had no first-hand knowledge of its scope. The trial court considered the parties' arguments and found for Southern; Patrick had provided no evidence to refute Southern's prima facie case. Accordingly, the trial court concluded that no questions of material fact remained in dispute and awarded summary judgment to Southern on its claim of $42,579.42 plus interest. Patrick timely appealed, asserting a single assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST DEFENDANTS/APPELLANTS AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER THE ALLEGED CREDIT APPLICATION AND GUARANTY APPLIED TO THE ACCOUNT AND THE AMOUNT OF THE BALANCE OF THE ACCOUNT."
 {¶ 5} Patrick alleges that the trial court improperly granted summary judgment because genuine issues of material fact remain in dispute regarding two of the arguments it made to the trial court: the applicability of the agreement and the amount due. Specifically, Patrick insists that the trial court erroneously considered the nameless, unsigned affidavit appended to Southern's motion, while also erroneously disregarding Thomas Patrick's affidavit. We disagree.
 {¶ 6} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court reviews the same evidence that was properly before the trial court. Am.Energy Servs., Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C);Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of any genuine issue of material fact as to the essential elements of the nonmoving party's claims or defenses. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party's burden has been satisfied, the burden shifts to the nonmoving party, as set forth in Civ.R. 56(E). Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735. Any doubt is to be resolved in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is to consider only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). Due to this strict language, affidavits are the means typically used to introduce evidence for consideration in a summary judgment motion. See Robinson v. SpringfieldLocal School Dist. (Mar. 27, 2002), 9th Dist. No. 20606, *13. An affidavit must be made on personal knowledge and a sworn or certified copy of the document referred to in the affidavit must be attached to or served with it. Civ.R. 56(E). See State ex rel. Martinelli v. Corrigan
(1991), 71 Ohio App.3d 243, 248. However, "the purpose is to ensure the authenticity of the offered documents, and notably, that purpose is not infringed if the authenticity is not challenged." Costoff v. AkronGen. Med. Ctr., 9th Dist. No. 22010, 2004-Ohio-5166, at ¶ 14.
 {¶ 9} In the present case, Patrick does not challenge the authenticity of the agreement, the account statements, or Thomas Patrick's deposition. Thus, authentication of these documents was not in issue and the failure of the unnamed, unsigned affidavit as a means to authenticate these documents is not material. See id. Also, the agreement and account statements were part of the pleadings, while the deposition is a certified, self-authenticating document; so, they were properly before the court from that perspective. Finally, these documents were properly before the court under the authenticating affidavit presented by Patrick. Therefore, any suggestion that the trial court relied on materials that were not properly before it is without merit. We find that these three documents were properly before the trial court, and are now properly before this Court on appeal.
 {¶ 10} Based on our evaluation of the record, we find that Southern made out its prima facie case by informing the trial court of the basis for its claim and identifying the supporting documentation: the agreement, the account statements and Thomas Patrick's deposition. From this, we find that Southern met its burden by demonstrating the validity of its claim and an absence of a genuine issue of material fact. At this point, the burden shifted to Patrick to refute the motion. Patrick responded with an affidavit by Thomas Patrick asserting that the prior account (subject to the agreement) had been closed by someone at Southern circa 1998, and insisting that certain amounts due had been discharged through a settlement agreement between Southern and Telamon. It is evident from a plain reading of the affidavit, as well as Thomas Patrick's deposition, that these assertions are not based on personal, first-hand knowledge.
"To respond properly to a motion for summary judgment, the nonmoving party must set forth specific facts which are based on personal knowledge and would be admissible in evidence. A court may not consider inadmissible statements, such as hearsay or speculation, which are inserted into an opposing affidavit. If the opposing affidavits, disregarding the inadmissible statements, do not create a genuine issue of material fact, then the court may grant summary judgment, if the moving party is otherwise entitled to judgment." Martinelli,71 Ohio App.3d at 248, citing Civ.R. 56(E); Tomlinson v. Cincinnati
(1983), 4 Ohio St.3d 66, 67; Pond v. Carey Corp. (1986),34 Ohio App.3d 109, 111; Penwell v. Taft Broadcasting Co. (1984),13 Ohio App.3d 382, 385. Because Thomas Patrick's affidavit statements present no more than hearsay and speculation, they are insufficient to create a genuine issue of material fact and cannot overcome Southern's prima facie case. Based on the record presented, summary judgment was appropriate. Patrick's assignment of error is overruled.
 III. {¶ 11} Patrick's sole assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J. Moore, J. concur