[Cite as *NuFloor Sys. v. Precision Environmental Co.*, 2011-Ohio-3669.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| NUFLOOR SYSTEMS, DIVISION OF<br>TECHNICAL CONSTRUCTION<br>SPECIALTIES, INC. | | C.A. No.      25432 |
| Appellant/Cross-Appellee | | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| v. | | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| PRECISION ENVIRONMENTAL CO. | | CASE No.     CV 2008-10-7552 |
| Appellee/Cross-Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

MOORE, Judge.

**{¶1}** Appellant, NuFloor Systems, Division of Technical Construction Specialties, Inc., appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment to appellee, Precision Environmental Co., on each of NuFloor's claims. We reverse in part, affirm in part, and remand the matter to the trial court.

I.

**{¶2}** This litigation arose out of the construction of the Akron Summit-County Public Library. The following facts provide a background for the current dispute. In the construction of the library, The Ruhlin Company served as the general contractor. Corporate Floors, Inc. served as the prime flooring contractor. Corporate Floors engaged NuFloor as a subcontractor to install the floor underlayment. NuFloor was required by contract to pour and install a product called Super-Flo Top, which turned out to be defective and had to be removed and replaced with a

product called Sonoflow. Precision was engaged to remove the Super-Flo Top and allegedly caused damage to the building in the process of removing the defective product. Corporate Floors and NuFloor disagreed as to which company was ultimately responsible to pay for Precision's work and which company was ultimately responsible for damage Precision allegedly caused.

{¶3} Precision sought payment from Corporate Floors and NuFloor. On December 3, 2004, Corporate Floors filed an interpleader action in the Cuyahoga County Court of Common Pleas seeking a determination as to whom it was liable for payment. In that action, NuFloor filed a counterclaim against Corporate Floors. Neither Corporate Floors nor NuFloor had a written contract with Precision. Corporate Floors and NuFloor filed a joint motion to arbitrate only the counterclaim pursuant to their contract. After arbitration, on October 18, 2006, Corporate Floors and NuFloor filed a consent judgment entry in which the interpleader funds were released to Precision, Corporate Floors agreed not to contest confirmation of the arbitration award, and the parties agreed that "[n]othing in this Order shall be construed to bar or abridge any claim by NuFloor against Precision" related to the library project.

{¶4} Approximately two years later, on October 29, 2008, NuFloor sued Precision in the Summit County Court of Common Pleas and asserted claims for unjust enrichment, equitable contribution, and equitable indemnification. Precision moved for summary judgment on several grounds and, on May 4, 2010, the trial court granted summary judgment in its favor on all of NuFloor's causes of action.

{¶5} NuFloor timely filed a notice of appeal. NuFloor raises three assignments of error for our review. Precision timely filed a notice of cross-appeal. Precision raises a cross-assignment of error.

II.

## NUFLOOR'S ASSIGNMENT OF ERROR I

"SUMMARY JUDGMENT WAS INAPPROPRIATE FOR ANY CLAIM IN THIS CASE, BECAUSE PRECISION DID NOT SUPPORT ITS MOTION WITH ANY EVIDENCE THAT CIV.R. 56(C) PERMITTED THE TRIAL COURT TO CONSIDER."

{¶6} In its first assignment of error, NuFloor contends that the trial court should not have entered summary judgment in favor of Precision on any claim because Precision failed to support its motion with any evidence permitted by Civ.R. 56(C). NuFloor limited its argument to the admissibility of the documents attached to Precision's motion for summary judgment and did not discuss any specific claim or its elements. We do not agree with NuFloor's conclusion because not all of the documents attached to Precision's reply failed to satisfy the letter and spirit of Civ.R. 56(C).

{¶7} Precision filed a motion for summary judgment to which it attached a copy of the complaint in this action, as well as the complaint from an interpleader action filed in the Cuyahoga County Court of Common Pleas by Corporate Floors against NuFloor and Precision. The interpleader complaint included five attached exhibits: the contract between Corporate Floors and NuFloor, an invoice from Precision to NuFloor, a notice of claim on Corporate Floors' project bond, a list of contractors involved in the library project, and pages five through sixteen of an unidentified pleading containing NuFloor's counterclaim against Corporate Floors. Also attached were Corporate Floors' and NuFloor's "joint motion to stay proceedings pending arbitration of NuFloor's counterclaim" in the interpleader action, the consent judgment entry between Corporate Floors and NuFloor in the interpleader action, a copy of the arbitration award between Corporate Floors and NuFloor, an email containing the minutes of a meeting between various contractors regarding the flooring materials, correspondence from various contractors

regarding change orders, copies of three change orders, and an additional copy of Precision's invoice to NuFloor. None of the attached documents was certified or incorporated into an affidavit. In response, NuFloor filed a memorandum in opposition to summary judgment. NuFloor's first argument contended that Precision failed to attach any evidence in a form permitted by Civ.R. 56(C). The memorandum in opposition also addressed the merits of each claim. In reply, Precision pointed out inconsistencies in NuFloor's position and attached a certified copy of the complaint for interpleader in the Cuyahoga County Court of Common Pleas including the attached exhibits, a certified copy of NuFloor's answer and counterclaim, which contains the counterclaim on pages five through sixteen as previously attached, uncertified copies of Corporate Floors' bond and NuFloor's affidavit in support of a claim on the bond, a certified copy of Corporate Floors and NuFloor's "joint motion to stay proceedings pending arbitration of NuFloor's counterclaim" with additional certified materials including NuFloor's claim in arbitration, a certified copy of the consent judgment entry between Corporate Floors and NuFloor, and a different copy of the arbitration award, which included the arbitrator's signature but was again uncertified. None of the documents attached to Precision's reply was incorporated into an affidavit.

{¶8} Civ.R. 56(C) provides that on summary judgment a court should consider only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Generally, "[t]he proper procedure for introducing evidentiary matter not specifically authorized by Rule 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Rule 56(E)." *Trubiani v. Graziani* (Jan. 21, 1998), 9th Dist. No. 2629-M, at *2. Use of affidavits overcomes concerns related to the authenticity of the evidence attached to the motion. *Mitchell v. Ross* (1984), 14 Ohio App.3d 75,

75, ("Documents which are not sworn, certified or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court."). However, "a requirement that papers be sworn or certified may be satisfied by a certification contained within the paper itself rather than an external affidavit." *Costoff v. Akron General Medical Center*, 9th Dist. No. 22010, 2004-Ohio-5166, at ¶14, citing *Wall v. Firelands Radiology* (1995), 106 Ohio App.3d 313, 334.

{¶9}    In *Costoff*, the defendant attached copies of the trial court's judgment entries from a prior action between the same parties to his motion for summary judgment. Id. at ¶4. The plaintiff argued that the uncertified copies did not constitute the type of evidence identified in Civ.R. 56(C) or incorporated into an appropriate affidavit. Id. In his reply brief, the defendant provided both an affidavit and certified copies of the trial court's prior judgment entry. Id. The trial court granted summary judgment in favor of the defendant. Id. On appeal, the plaintiff argued that "the trial court could not consider its prior judgment entry, despite the inherent authenticity of the certified copies." Id. at ¶12. This Court held that because the judgment entries were certified, their authenticity was not challenged and the judgment entries could be "entered into the record without an accompanying affidavit." Id. at ¶15. *Costoff* did not limit its holding to certified judgment entries and, in fact, cited cases that allowed the admission of other certified documents. See, *Garver v. Beaver Twp.* (Jan. 24, 1994), 7th Dist. No. 93 CA 8, at *1 (holding that although a court could not take judicial notice of a prior case, "[t]he record in that case could be certified and filed in this case as evidence."); *Havens v. Port Clinton* (May 23, 1986), 6th Dist. No. OT-85-26 (holding that a properly certified coroner's verdict need not be in the form of an affidavit). Accordingly, the certified court documents complied with Civ.R. 56(C) and could be considered for the purpose of summary judgment. Because NuFloor

objected to Precision's unsworn and uncertified documents, the trial court should only have considered the appropriately certified documents. The documents attached to the reply that were inappropriate for consideration included: the uncertified copies of Corporate Floors' bond and NuFloor's affidavit in support of a claim on the bond, and the arbitration award.

**{¶10}** We also recognize that this Court has repeatedly stated a preference for avoiding summary judgment by ambush, see, e.g., *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. No. 10CA009798, 2011-Ohio-1529, at ¶15. The attachments to the reply brief did not cause Precision to ambush NuFloor. The documents attached to the reply were merely certified copies of many of the documents that had been attached to the original motion for summary judgment. See *JRC Holdings, Inc. v. Samsel Servs. Co.*, 166 Ohio App.3d 328, 2006-Ohio-2148, at ¶25-26 (holding that copies of reports attached to a summary judgment motion could be authenticated when later attached to and authenticated by an affidavit, which was itself attached to the reply brief in support of summary judgment). In this case, we have considered only those documents that were properly certified and attached to the reply brief in support of summary judgment or otherwise appropriate for consideration under Civ.R. 56(C).

**{¶11}** Ultimately, because Precision did provide some evidence that the trial court could properly consider, we cannot agree with NuFloor's position that there existed no Civ.R. 56 evidence for the trial court's consideration.

**{¶12}** NuFloor's first assignment of error is overruled.

### NUFLOOR'S ASSIGNMENT OF ERROR II

"THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT TO PRECISION ON NUFLOOR'S CLAIM FOR INDEMNIFICATION."

**{¶13}** In its second assignment of error, NuFloor contends that the trial court improperly granted summary judgment to Precision on NuFloor's claim for indemnification. We agree.

{¶14} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶15} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶16} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶17} In granting summary judgment in favor of Precision, the trial court relied upon the premise that "[t]here is no special relationship between NuFloor and Precision. NuFloor previously successfully argued that [Corporate Floors] was contractually responsible for paying

Precision, thus NuFloor did not contract with Precision. NuFloor and Precision were separate contractors of [Corporate Floors] and there is no relationship between them which would support vicarious or secondary liability."

{¶18} Initially, we observe that Precision's argument in its summary judgment motion directed to the equitable indemnification claim does not contain any citations to the record. Precision also asserted that a relationship was necessary between the parties in order for NuFloor to recover on the theory of equitable indemnification. Precision then attempted to demonstrate the lack of a relationship between itself and NuFloor. As noted above, in order to meet its *Dresher* burden a party must point "to parts of the record that show the absence of a genuine issue of material fact." *Dresher*, 75 Ohio St.3d at 292-93. The introduction portion of Precision's motion for summary judgment included citations; however, even a thorough review of those citations reveals that Precision has failed to demonstrate the absence of a genuine issue of material fact. Precision relied on the unauthenticated change orders that were attached only to the motion for summary judgment, as well as the arbitration award, which was attached to the motion for summary judgment and the reply. Neither copy of the arbitration award was certified or authenticated, even after NuFloor objected to the lack of authentication. Accordingly, the arbitration award should not have been considered by the trial court. Precision did, however, include a copy of its invoice to NuFloor seeking payment for its work on the project. The invoice was attached as an exhibit to Corporate Floors' previously resolved complaint for interpleader filed in the Cuyahoga County Court of Common Pleas. Precision attached an uncertified copy of this complaint and its exhibits to the motion for summary judgment and a certified copy of this complaint and its exhibits to its reply in support of summary judgment. Contrary to Precision's position, this evidence suggested a relationship between NuFloor and

Precision. The certified copy of the joint motion for arbitration filed by Corporate Floors and NuFloor in the interpleader action in Cuyahoga County states only that the parties disagree about which party is responsible to pay Precision for its work.

{¶19} Precision's argument in support of summary judgment attempted to establish that no relationship existed between itself and NuFloor and, therefore, that equitable indemnification is inappropriate. However, Precision primarily cited to documents that the trial court should not have considered because they failed to comply with Civ.R. 56(C) and (E). Because this evidence was inappropriate for consideration by the court, Precision failed to satisfy its *Dresher* burden by pointing to some evidence in the record to demonstrate the lack of a genuine issue of material fact for trial and thereby triggering NuFloor's reciprocal burden to point to a genuine issue of material fact. Id. at 293. In fact, Precision's invoice that it sent to NuFloor suggested the existence of a relationship between the two parties. Therefore, the trial court erred in granting summary judgment to Precision on NuFloor's equitable indemnification claim.

{¶20} Accordingly, NuFloor's second assignment of error is sustained.

### NUFLOOR'S ASSIGNMENT OF ERROR III

"THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT TO PRECISION ON NUFLOOR'S CLAIM FOR UNJUST ENRICHMENT."

{¶21} In its third assignment of error, NuFloor contends that the trial court improperly granted summary judgment to Precision on the claim for unjust enrichment. We agree.

{¶22} Unjust enrichment consists of three elements: "(1) a benefit conferred by the plaintiff upon the defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Natl./RS, Inc. v. Huff*, 10th Dist. No. 10AP-306, 2010-Ohio-6530, at ¶28, citing *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183.

{¶23} Precision's summary judgment argument related to NuFloor's unjust enrichment claim is similarly bereft of citations to the record. Instead, Precision more directly referenced the change orders and the arbitration of Corporate Floors' dispute with NuFloor, neither of which, again, was ever properly authenticated. The trial court then specifically relied upon the change orders and arbitration in granting summary judgment. Essentially, the court ruled that Precision properly demonstrated that NuFloor could not establish any of the elements of unjust enrichment. In determining that NuFloor could not establish that it provided a benefit to Precision, the trial court wrote that "[t]he $42,082 change order deducted amount was the amount liquidated by The Ruhlin Company and passed down through a series of contractors. The amount was upheld in arbitration as an appropriate deduction or loss between contracting parties – as such, this is not a benefit conferred upon any party. When Precision was eventually paid by [Corporate Floors] pursuant to the arbitration award, its invoice was also reduced for its share of the purported damage to the Project." The trial court again referenced the unauthenticated change orders in stating that Precision had no knowledge of any benefit it may have received from NuFloor. Finally, without reference to the record, the trial court wrote that "[t]here must be a tie of causation between the parties" and on "these facts [Corporate Floors] is responsible for NuFloor's detrimental position, not Precision." In reaching these conclusions, the trial court specifically relied upon the change orders and the arbitration award. Without reference to these materials, which were improperly placed before the court, Precision failed to meet its *Dresher* burden by pointing to some evidence in the record that complied with Civ.R. 56(C) and (E) to demonstrate the absence of a genuine issue of material fact. *Dresher*, 75 Ohio St.3d at 293. Because Precision failed to carry its *Dresher* burden, NuFloor's corresponding burden to then produce evidence to point to a genuine issue of material fact was never triggered. Id. Therefore,

the trial court erred in granting summary judgment to Precision on NuFloor's claim for unjust enrichment.

**{¶24}** Accordingly, NuFloor's third assignment of error is sustained.

### PRECISION'S CROSS-ASSIGNMENT OF ERROR

"THE TRIAL COURT SHOULD HAVE GRANTED [PRECISION'S] MOTION FOR SUMMARY JUDGMENT ON COLLATERAL ESTOPPEL PRINCIP[LE]S."

**{¶25}** In its cross-assignment of error, Precision contends that the trial court should have granted its motion for summary judgment on the basis of collateral estoppel. We do not agree.

**{¶26}** "The modern view of *res judicata* embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (Italics sic). *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74. More succinctly, collateral estoppel in subsequent litigation requires identical parties and issues to those involved in the original litigation. *Goodson v. McDonough Power Equipment, Inc.* (1983), 2 Ohio St.3d 193, 200.

**{¶27}** The trial court ruled that it was unable "to conclude that the identical issues were necessarily determined between these parties." This assignment of error, too, is predicated upon inadmissible materials Precision submitted in support of its summary judgment motion. In its motion for summary judgment on this issue, Precision relied exclusively upon the unauthenticated change orders and arbitration award in an effort to establish that the Cuyahoga County interpleader action involved the same parties and issues as this case. Precision specifically contended that a "review of the arbitration award reveals the issues involving these

change orders were adjudicated as part of the claims raised in the arbitration." Because Precision relied exclusively on unauthenticated and, therefore, inadmissible documents in support of its contention that this action involved the same parties and issues as the Cuyahoga County interpleader action, it failed to meet its *Dresher* burden to point to "parts of the record that show the absence of a genuine issue of material fact" and demonstrate that collateral estoppel barred this action. *Dresher*, 75 Ohio St.3d at 292-93. Without evidence acceptable under Civ.R. 56(C) and (E), Precision failed to prove that the same parties, Precision and NuFloor, and issues were decided in the prior Cuyahoga County interpleader litigation and corresponding arbitration. For this reason, we cannot say that the trial court erred in failing to grant summary judgment in favor of Precision on the basis of collateral estoppel.

{¶28} Accordingly, Precision's cross-assignment of error is overruled.

III.

{¶29} NuFloor's first assignment of error is overruled. Its second and third assignments of error are sustained. Precision's cross-assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed in part, affirmed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed in part,
affirmed in part,
and cause remanded.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee/Cross-Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶30} I concur in the judgment of the majority. In reviewing the trial court's ruling on the motion for summary judgment, the majority considers several documents which are either certified copies, or are attached to a certified copy of a document, despite the fact that those documents are not accompanied by a supporting affidavit as expressly required by Civ.R. 56. The majority concludes this is appropriate based upon *Costoff v. Akron General Medical Center*, 9th Dist. No. 22010, 2004-Ohio-5166. However, I view the majority opinion as inappropriately expanding the reach of *Costoff*. Thus, I do not believe those documents are properly considered

for purposes of summary judgment.  Nonetheless, because I conclude the majority reached the correct result, I concur in its judgment.


APPEARANCES:

DANIEL M. WALPOLE , Attorney at Law, for Appellant/Cross-Appellee.

RONALD D. GREGORY, Attorney at Law, for Appellee/Cross-Appellant.