WIGGINS, Appellant,

v.

HAMPTON et al., Appellees.

[Cite as *Wiggins v. Hampton* (1992), 78 Ohio App.3d 669.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–030.

Decided Feb. 28, 1992.

*Spiros Cocoves,* for appellant.

*Robert J. Bahret* and *Sarah A. McHugh,* for appellees.

*Per Curiam.*

This case is an appeal from a judgment of the Lucas County Court of Common Pleas involving an action for declaratory judgment. The trial court granted summary judgment in favor of appellee, Auto–Owners Mutual Insurance Co., holding that Auto–Owners had no duty to defend its insured, Zandra O. Hampton.

The pertinent facts of this case are as follows. On September 24, 1988, appellant, La Tunga Wiggins, was struck by an automobile driven by Hampton. Hampton was subsequently indicted and found guilty of the offense of aggravated assault in violation of R.C. 2903.12.

On September 20, 1989, Wiggins filed a personal injury action against Hampton. Auto–Owners, Hampton's insurer at the time of the incident, filed a motion to intervene and a motion for declaratory judgment. On December 19, 1990, the trial court granted summary judgment in favor of Auto–Owners determining that Auto–Owners had no duty to defend Hampton.

■ It is from this judgment that Wiggins raises the following sole assignment of error:

"The trial court erred to the prejudice of appellant by granting Auto–Owners['] motion for summary judgment because a [*sic*] there is a genuine issue of material fact."

In *Physicians Ins. Co. of Ohio v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906, the syllabus, the court held as follows:

"In order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended."

More specifically, in *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 115, 30 OBR 424, 430, 507 N.E.2d 1118, 1124–25, the court held, in a wrongful-death action, that an insured's criminal conviction for aggravated murder clearly established that the insured intended the death of the victim. The *Gill* court noted that an essential element of the crime of aggravated murder is "that the perpetrator intended to cause the [victim's] death" under R.C. 2903.01(D). *Id.* The *Gill* court further held that because the insured's policy excluded coverage for injury "expected or intended by the insured," the insurance company clearly had no duty to defend. *Id.*

In the present case, the Auto–Owners' policy excludes liability coverage for personal injury or property damage that is "expected or intended from the stand point of the insured." This court is thus left to determine whether a

conviction for aggravated assault, as opposed to the aggravated murder conviction in *Gill*, is conclusive evidence of intent to injure.

"Aggravated assault" is defined under R.C. 2903.12 as follows:

"(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

The word "knowingly" is defined under R.C. 2901.22 as follows:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

█ The culpable mental state of knowingly causing physical harm required for a conviction of aggravated assault does not include the element of intent required for a conviction of aggravated murder. Aggravated murder includes the culpable mental state that the perpetrator acted purposely; a person is defined as acting purposely "when it is his specific intention to cause a certain result." R.C. 2901.22(A). Therefore, this court finds a conviction for aggravated assault does not establish, as a matter of law, that such physical harm was expected or intended. See, also, *Nationwide Mut. Ins. Co. v. Machniak* (1991), 74 Ohio App.3d 638, 641, 600 N.E.2d 266, 268 ("a felonious assault conviction does not conclusively establish an intent to injure"). Because there remains a genuine issue of material fact as to whether Hampton intended to injure Wiggins, summary judgment is inappropriate. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Accordingly, Wiggins' sole assignment of error is found well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed.

*Judgment reversed.*

GLASSER, MELVIN L. RESNICK and SHERCK, JJ., concur.