[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
The offense of assault requires the state to prove that the offender acted knowingly, not that the offender specifically intended or expected to cause injury. See R.C.2901.22(B); State v. Wenger (1979), 58 Ohio St.2d 336, 339,390 N.E.2d 801, 803, fn. 3; Wiggins v. Hampton (1992), 78 Ohio App.3d 669,671, 605 N.E.2d 1264, 1265. The state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact beyond a reasonable doubt that appellant had knowingly caused physical harm to a police officer in the performance of his duties. Consequently, the evidence was sufficient to support appellant's conviction for assault pursuant to R.C. 2903.13(A) and (C) (3), and we overrule appellant's first assignment of error. See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
Further, after reviewing the record, we cannot conclude that the trier of fact clearly lost its way and created such a manifest miscarriage of judgment that we must reverse the conviction and order a new trial. Therefore, appellant's conviction is not against the manifest weight of the evidence. See State v. Allen (1990), 69 Ohio App.3d 366, 374,590 N.E.2d 1272, 1278; State v. Ashbrook (Apr. 30, 1997), Hamilton App. No. C-960535, unreported. Accordingly, we overrule appellant's second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.