OPINION
{¶ 1} Defendants-appellants, Timothy and Deborah Amburgey, appeal a decision of the Clermont County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Farmers Insurance of Columbus, Inc. The issue before this court is whether the trial court correctly concluded that Farmers Insurance has no duty to defend or indemnify William Martin ("Martin") for injuries Timothy Amburgey ("Amburgey") sustained while trying to apprehend Martin.[1]
 {¶ 2} On October 30, 1999, Martin was the subject of a restraining order barring contact with his estranged wife and being on her property. That evening, despite the restraining order, Martin appeared on her property in an attempt to talk to his children. Police officers, including Amburgey, arrived on the scene in response to an emergency phone call. The situation ultimately resulted in a confrontation between Martin and the police during which Martin fired his shotgun and wounded Amburgey.
 {¶ 3} In his deposition, Martin testified he could not remember anything leading up to the confrontation with the police. He did remember that after leaving his wife's house, he was standing in the middle of a street when he felt a terrible pain in his lower back. He then saw "fire flying out of the muzzle" before a bullet grazed his face. Afraid they were going to kill him, Martin swung to the side and fired his 12-gauge Winchester shotgun once. After another bullet hit him, he fell to the ground. As he was falling down, the shotgun went off twice. Martin testified that although the shotgun went off three times, he only remembered firing the first shot. Martin also testified that he has owned firearms for hunting and trapshooting since he was 14, and that he was aware of the risk of firing a weapon at someone. Martin testified that he had no thoughts that evening of causing harm to others and that it never was his intent to shoot Amburgey or anyone else.
 {¶ 4} In July 2000, Martin pled guilty, inter alia, to felonious assault against Amburgey in violation of R.C. 2903.11(A)(1) with a firearm specification. Appellants subsequently filed a tort action against Martin. At the time of the shooting, Martin was a named insured under a homeowner's policy issued by Farmers Insurance. Farmers Insurance agreed to defend Martin under a reservation of rights. Subsequently, Farmers Insurance filed a declaratory judgment action asking the trial court to find it had no duty to defend or indemnify Martin in the tort action. Following discovery, Farmers Insurance moved for summary judgment.
 {¶ 5} On January 23, 2004, the trial court granted summary judgment in favor of Farmers Insurance, determining it had no duty to defend or indemnify Martin because the homeowner's policy excluded intentional acts from coverage. Specifically, the trial court found that "when [Martin's] plea is considered in conjunction with the factual circumstances of the incident, reasonable minds could only conclude that * * * Martin intended to fire the shot that wounded Officer Amburgey. Since Officer Amburgey's injuries resulted from * * * Martin's intentional act of shooting a gun, where the resulting injury was reasonably foreseeable, [Martin's] actions are excluded from coverage under the terms of his homeowners policy." Appellants now appeal the trial court's decision, raising the following single assignment of error:
 {¶ 6} "The trial court erred [by] granting summary judgment to farmers insurance finding a conviction for felonious assault barred coverage as a matter of law."
 {¶ 7} Appellants argue that the trial court erred by determining Farmers Insurance had no duty to defend or indemnify Martin in the underlying tort action solely on the basis of Martin's felonious assault conviction resulting from his guilty plea. Appellants argue that a felonious assault conviction is not conclusive evidence of an intent to injure.
 {¶ 8} Martin's homeowner's policy with Farmers Insurance excludes from coverage "bodily injury or property damage which * * * is either (a) caused intentionally by or at the direction of an insured; or (b) results from any occurrence caused by an intentional act of any insured where the results are reasonably foreseeable." In Physicians Ins. Co. of Ohio v.Swanson (1991), 58 Ohio St.3d 189, paragraph one of the syllabus, the Ohio Supreme Court held that "[i]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended."
 {¶ 9} Martin pled guilty and was convicted of felonious assault against Amburgey as a result of his firing his shotgun and injuring Amburgey during the confrontation with the police. R.C. 2903.11(A)(1) defines "felonious assault" as "[n]o person shall knowingly * * * cause serious physical harm to another or another's unborn." R.C. 2901.22(B), in turn, defines "knowingly" as follows: "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 10} Appellants argue the trial court erred by granting summary judgment in favor of Farmers Insurance solely on the basis of Martin's felonious assault conviction. Citing to Nationwide Mut. Ins. Co. v.Machniak (1991), 74 Ohio App.3d 638, and Wiggins v. Hampton (1992),78 Ohio App.3d 669, appellants argue that Martin's conviction does not establish an intent to injure.
 {¶ 11} We note at the outset that the trial court granted summary judgment on the basis of Martin's conviction "in conjunction with the factual circumstances of the incident[.]" In addition to the felonious assault conviction, the trial court also noted (1) that Martin remembered deciding to shoot the gun at the police after feeling pain in his lower back because he believed they were trying to kill him, (2) his use of weapons for hunting since he was 14 years old, and (3) his awareness of the danger of firearms since that age. The trial court noted that "[u]nder the circumstances, [Martin] was aware that firing his gun would likely cause bodily injury."
 {¶ 12} In Preferred Risk Ins. Co. v. Gill (1987), 30 Ohio St.3d 108, the Ohio Supreme Court held, in a wrongful-death action, that the insured's guilty plea and conviction for aggravated murder clearly established that the insured intended to cause injury to another person. As a result, the insurer had no duty to defend him. Both Machniak andWiggins found that unlike an aggravated murder conviction in which the element of intent is present, the culpable mental state of knowingly causing physical harm required for a felonious or aggravated assault conviction does not include the element of intent. Machniak at 641;Wiggins at 671. As a result, a conviction for felonious or aggravated assault does not establish, as a matter of law, that such physical harm was expected or intended. Id.
 {¶ 13} In Baker v. White,
Clermont App. No. CA2002-08-065, 2003-Ohio-1614, however, this court implicitly rejected Machniak and instead adopted the reasoning and holding of the Ninth District Court of Appeals in Metro. Property andCas. Ins. Co. v. Lengyel (May 31, 2000), Summit App. Nos. 19460 and 19479, as follows:
 {¶ 14} "[A] criminal conviction, in and of itself, may conclusively establish intent for purposes of applying an intentional-acts exclusion. * * * The crime of felonious assault requires the offender to act `knowingly.' * * * In examining this issue, the Ninth District Court of Appeals found that a conviction involving the mental state of `knowingly' is sufficient to establish an intent to injure and trigger an intentional acts exclusion, as long as the exclusion is not restricted only to intentional acts, but also includes the expected results of one's acts. * * * Thus, a conviction for felonious assault, because it involves the mental state of `knowingly,' is sufficient to trigger an intentional acts exclusion." Baker, 2003-Ohio-1614, ¶ 9-10 (citations omitted). See, also, Campobasso v. Smolko (July 24, 2002), Medina App. No. 3259-M; Woodsv. Cushion (Sept. 6, 2000), Summit App. No. 19896; Westfield Ins. v.Barnett, Noble App. No. 306, 2003-Ohio-6278.
 {¶ 15} In light of our decision in Baker, we find that Martin's conviction for felonious assault was sufficient to establish intent under the intentional acts exclusion in the homeowners' policy in this case. The exclusion included not only acts that were "intentional," but also acts that were "reasonably foreseeable." We therefore find that the trial court did not err by granting summary judgment in favor of Farmers Insurance. Appellants' assignment of error is overruled.
 {¶ 16} Judgment affirmed.
Powell and Walsh, JJ., concur.
[1] Although Martin was a party in the proceedings in the trial court, he has not appealed the trial court's grant of summary judgment in favor of Farmers Insurance.