[Cite as *Allstate Vehicle & Property Ins. Co. v. Inabnitt*, 2022-Ohio-2098.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,
:

:                  CASE NOS.  CA2021-10-094
Appellant and Cross-Appellee,                        CA2021-10-098

:

- vs -                                      :                  O P I N I O N
                                                                6/21/2022

:

CARL N. INABNITT, et al.,
:

Appellees and Cross-Appellant.            :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21-CV-093936


Benjamin, Heather, Iaciofano & Bitter, LLC, and Timothy P. Heather, for appellant and cross-appellee.

Cohen, Todd, Kite & Stanford, LLC, and John L. O'Shea and Jesse E. Knowlden, for appellee and cross-appellant, Carl Inabnitt.

O'Connor, Acciani & Levy, LPA, and Robert B. Acciani, for appellees, Seth and Kimberly Doughman.


**HENDRICKSON, J.**

{¶1}  Appellant and cross-appellee, Allstate Vehicle and Property Insurance Company ("Allstate"), appeals a decision of the Warren County Court of Common Pleas, granting in part, and denying in part, Allstate's motion for summary declaratory judgment. Appellee and cross-appellant, Carl Inabnitt, cross-appeals.  For the reasons outlined below,

we affirm in part and reverse in part the decision of the trial court and remand this matter for further proceedings.[1]

**Background**

{¶2} This case arises from an altercation between Inabnitt and Seth Doughman, which resulted in Seth falling down a flight of stairs and suffering serious injuries ("the incident"). The incident occurred while Seth was doing construction on Inabnitt's home located at 9961 Gustin Rider Road in Blanchester, Ohio. As a result of the altercation, Inabnitt was charged with, and convicted of, felonious assault in Warren County Court of Common Pleas Case No. 19CR36283. On January 10, 2022, this court affirmed Inabnitt's conviction in *State v. Inabnitt*, 12th Dist. Warren No. CA2021-02-013, 2022-Ohio-53.

{¶3} After the altercation, Seth and his wife (collectively "the Doughmans") filed a civil lawsuit against Inabnitt, alleging that the Doughmans had suffered damages as a result of the incident described above. Specifically, the complaint alleged causes of action for assault and battery, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), punitive damages, negligence, and loss of consortium.

{¶4} At the time of incident, Inabnitt maintained a House and Home Insurance Policy with Allstate for his home at 9961 Gustin Rider Road ("the Policy"). Pursuant to Section II, Coverage X, of the Policy, Allstate agreed to pay "damages which an insured person becomes legally obligated to pay because of bodily injury * * * arising from an occurrence to which this policy applies, and is covered by this part of the policy." According to the Policy, "bodily injury" means "physical harm to the body, including sickness or disease, and resulting death," with various exceptions inapplicable here. An "[o]ccurrence"

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion

is defined as "an accident * * * resulting in bodily injury[.]"

{¶5} Section II provides certain exclusions for Coverage X, and indicates that Allstate will "not cover any bodily injury * * * intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if: * * * b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected[.]"

{¶6} The parties do not dispute that Inabnitt is an "insured person," as that term is defined by the Policy, nor do they disagree that Seth suffered "bodily injury" as a result of the incident.

**The Declaratory Action and Summary Judgment Decision**

{¶7} After the Doughmans initiated the civil action against Inabnitt, Allstate filed a complaint for declaratory judgment in the trial court. In its complaint, Allstate requested the trial court to enter judgment against the Doughmans and Inabnitt, declaring that Allstate does not provide coverage for any bodily injury arising from the incident and is not required to defend Inabnitt in the lawsuit brought against him by the Doughmans. Both the Doughmans and Inabnitt denied Allstate's allegations.

{¶8} On May 4, 2021, Allstate moved the trial court for summary judgment. In support of its motion, Allstate attached certified copies of the docket in Inabnitt's criminal case, the complaint charging Inabnitt with felonious assault, Inabnitt's indictment for felonious assault, and the trial court's judgment entry of sentence from Case No. 19CR36283. In its motion, Allstate argued, in part, that there was no genuine issue of material fact that it was not required to defend or indemnify Inabnitt in the subsequent civil action because the Policy's "intentional or criminal acts or omissions" exclusion barred liability coverage for Inabnitt.

{¶9} In response, Inabnitt argued that Allstate has a clear legal duty to defend and indemnify Inabnitt. In support, Inabnitt attached an affidavit, wherein he described the incident giving rise to Seth's injuries and averred he did not intend to cause harm to Seth. Inabnitt also attached a page from the transcript of his criminal sentencing hearing, where the trial judge stated, "I do believe Mr. Doughman has suffered very serious injuries in this case. I do not believe Mr. Inabnitt that you intended to cause those serious injuries." In light of this evidence, Inabnitt claimed his criminal conviction alone did not establish that the "intentional acts" exclusion of the Policy applied and precluded coverage.

{¶10} The trial court granted in part and denied in part Allstate's motion. In so doing, the trial court held that, because "there is a genuine dispute as to Mr. Inabnitt's intent to injure[,]" as well as the duty owed to the Doughmans and breached by Inabnitt, Allstate's motion was denied regarding the claims for assault, battery, negligence, punitive damages, and loss of consortium. However, regarding the remaining claims of IIED and NIED, the trial court found that based upon the clear and unambiguous language of the Policy, the infliction of emotional distress did not constitute "bodily injury" and was not covered by the Policy.

**The Appeal**

{¶11} Allstate appeals from the trial court's decision, raising the following assignments of error:

{¶12} Assignment of Error No 1:

{¶13} THE TRIAL COURT ERRED BY DENYING ALLSTATE'S MOTION FOR SUMMARY DECLARATORY JUDGMENT WITH REGARD TO THE FIRST CAUSE OF ACTION – ASSAULT AND BATTERY.

{¶14} Assignment of Error No. 2:

{¶15} THE TRIAL COURT ERRED BY DENYING ALLSTATE'S MOTION FOR SUMMARY DECLARATORY JUDGMENT WITH REGARD TO THE FOURTH CAUSE OF ACTION – PUNITIVE DAMAGES.

{¶16} Assignment of Error No. 3:

{¶17} THE TRIAL COURT ERRED BY DENYING ALLSTATE'S MOTION FOR SUMMARY DECLARATORY JUDGMENT WITH REGARD TO THE FIFTH CAUSE OF ACTION – NEGLIGENCE.

{¶18} Assignment of Error No. 4

{¶19} THE TRIAL COURT ERRED BY DENYING ALLSTATE'S MOTION FOR SUMMARY DECLARATORY JUDGMENT WITH REGARD TO THE SIXTH CAUSE OF ACTION – LOSS OF CONSORTIUM.

{¶20} Inabnitt cross-appeals, assigning the following as error:

{¶21} THE TRIAL COURT ERRED IN GRANTING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO THE CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

**Standard of Review**

{¶22} An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently, and without deference to the decision of the trial court. *Collins v. Mason*, 12th Dist. Warren No. CA2019-04-035, 2020-Ohio-1186, ¶ 18. Summary judgment is proper when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10.

**{¶23}** The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trial court to resolve. *Id.* In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?" *Collins* at ¶ 19.

**Summary Judgment Evidence**

**{¶24}** Although not raised as an assignment of error, we will begin with the Doughmans' claim in their appellee brief that the trial court should not have considered the documentation attached to Allstate's summary judgment motion. Specifically, the Doughmans argue that the certified judgment entry, docket statement, complaint, and indictment from Inabnitt's underlying criminal case are not proper evidence pursuant to Civ.R. 56(C).

**{¶25}** Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 15. Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "[A] party may properly introduce evidence not specifically authorized by Civ.R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ.R. 56(E)." *Wilson v. AIG*, 12th Dist. Butler No. CA2007-11-278, 2008-Ohio-5211, ¶ 29. In order for any document presented to be admissible evidence for summary judgment purposes, it must be accompanied by a

personal certification that such document is, in fact, genuine. *Wells Fargo Bank, N.A. v. Reaves*, 12th Dist. Clermont No. CA2014-01-015, 2014-Ohio-3556, ¶ 11.

{¶26} Due to the strict language of Civ.R. 56(C), "[d]ocuments which are not sworn, certified or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." *Mitchell v. Ross*, 14 Ohio App.3d 75, 75 (8th Dist.1984). However, a requirement that papers be sworn or certified may be satisfied by a certification contained within the paper itself rather than an external affidavit. *NuFloor Sys. v. Precision Environmental. Co.*, 9th Dist. Summit No. 25432, 2011-Ohio-3669, ¶ 9 ("[T]he certified court documents complied with Civ.R. 56[C] and could be considered for the purpose of summary judgment"); *see also Garver v. Beaver Twp.*, 7th Dist. Mahoning No. 93 CA 8, 1994 Ohio App. LEXIS 281, *4 (Jan. 24, 1994); *Havens v. Port Clinton*, 6th Dist. Ottawa No. OT-85-26, 1986 Ohio App. LEXIS 6846 (May 23, 1986).

{¶27} In this case, Allstate obtained and provided certified copies of certain documentation from Inabnitt's underlying criminal case. The Doughmans do not challenge the authenticity of those documents, but argue they cannot be relied upon without a supporting affidavit. However, because each of the documents was authenticated and sworn "within the paper itself," i.e., a certification from the Clerk of Courts for Warren County Common Pleas Court, we conclude the properly certified documents may be entered into the record without an accompanying affidavit. *See Costoff v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 22010, 2004-Ohio-5166, ¶ 15. Accordingly, the trial court did not err in considering the evidence attached to Allstate's motion for summary judgment.

**Allstate's Duty to Defend and Indemnify Inabnitt**

**I. Assault and Battery Claim**

{¶28} Turning to the issues raised on appeal by Allstate and Inabnitt, the parties

dispute whether Allstate is required to defend and indemnify Inabnitt in the civil action brought against him by the Doughmans.

{¶29} "'An insurer's duty to defend is broader and distinct from its duty to indemnify. The scope of the allegations in the complaint against the insured determines whether an insurance company has a duty to defend the insured. The insurer must defend the insured in an action when the allegations state a claim that potentially or arguably falls within the liability insurance coverage. However, an insurer need not defend any action or claims within the complaint when all the claims are clearly and indisputably outside the contracted coverage.'" (Citations omitted.) *Westfield Ins. Co. v. R.L. Diorio Custom Homes, Inc.*, 187 Ohio App.3d 377, 2010-Ohio-1007, ¶ 19 (12th Dist.), quoting *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St. 3d 241, 2007-Ohio-4948, ¶ 19.

{¶30} "The words and phrases contained in an insurance policy must be given their plain and ordinary meaning unless there is something in the contract that would indicate a contrary intention." *Hance v. Allstate Ins. Co.*, 12th Dist. Clermont No. CA2008-10-094, 2009-Ohio-2809, ¶ 20. It is well established that contracts of insurance are to be strictly construed against the insurer, especially when an exclusionary clause is at issue. *Great Am. Assur. Co. v. Acuity*, 12th Dist. Butler No. CA2021-08-097, 2022-Ohio-501, ¶ 20. "An exclusion in an insurance policy will be interpreted as applying only to that which is clearly intended to be excluded." *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 665 (1992). However, while exclusions in insurance contracts are read narrowly in Ohio to apply only to that which is clearly intended to be excluded, that rule of strict construction does not permit a reviewing court to ignore the obvious intent of an exclusionary provision. *AKC, Inc. v. United Specialty Ins. Co.*, Slip Opinion No. 2021-Ohio-3540, ¶ 11, citing *Hybud Equip. Corp.* at 665.

**{¶31}** On appeal, Allstate argues the trial court erred in concluding that Inabnitt's conviction for felonious assault does not automatically exclude coverage pursuant to the Policy's "intentional or criminal acts" exclusion.

**{¶32}** "[I]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." *Physicians Ins. Co. v. Swanson*, 58 Ohio St. 3d 189, 193 (1991). The intent to cause harm or injury may be inferred where the "intentional act and the harm caused are intrinsically tied so that the act has necessarily resulted in the harm." *Allstate Ins. Co. v. Campbell*, 128 Ohio St. 3d 186, 2010-Ohio-6312, paragraph two of the syllabus (extending the doctrine of inferred intent beyond the crimes of murder and molestation to other situations, including "felonious assault" cases, where the facts establish that the "action necessitates the harm").

**{¶33}** In this case, Inabnitt was convicted of felonious assault pursuant to R.C. 2903.11(A)(1), which states "[n]o person shall knowingly * * * [c]ause serious physical harm to another[.]" Thus, to be convicted, the crime of felonious assault requires an offender to act "knowingly." R.C. 2903.11(A)(1). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

**{¶34}** This court, like other Ohio appellate courts, has held that a criminal conviction for felonious assault, in and of itself, may conclusively establish intent for purposes of applying an intentional-acts exclusion. *Farmers Ins. of Columbus, Inc. v. Martin*, 12th Dist. Clermont No. CA2004-03-022, 2005-Ohio-556, ¶ 15; *Baker v. White*, 12th Dist. Clermont No. CA2002-08-065, 2003-Ohio-1614, ¶ 11; *see also Cummings v. Lyles*, 8th Dist.

- 9 -

Cuyahoga No. 101446, 2015-Ohio-316, ¶ 15, 25; *Woods v. Cushion*, 9th Dist. Summit No. 19896, 2000 Ohio App. LEXIS 3995, *9-10 (Sep. 6, 2000). However, the mental state of knowingly is sufficient to establish an intent to injure and trigger an intentional-acts exclusion only if the exclusion is not restricted to intentional acts, but also includes the expected results of one's acts. *Baker* at ¶ 10; *Cummings* at ¶ 15; *Black v. Richards*, 5th Dist. Perry Nos. 08 CA 19, 09 CA 4, 09 CA 12, and 09 CA 13, 2010-Ohio-2938, ¶ 61; *Drake v. Richerson*, N.D. Ohio No. 5:11CV1898, 2012 U.S. Dist. LEXIS 93449, * 15-16 (July 6, 2012).

{¶35} In acknowledging this precedent, the trial court determined that "even though a criminal conviction can, in and of itself, establish intent for the purposes of applying an intentional-acts exclusion, application of such inferred intent is not automatic." In support, the trial court cited the recent Ohio Supreme Court case *Allstate Ins. Co. v. Campbell*, which expanded the doctrine of inferred intent.

{¶36} In that case, after reviewing its prior jurisprudence on the subject of inferred intent, the supreme court concluded that:

> It is clear that as applied to an insurance policy's intentional-act exclusion, the doctrine of inferred intent applies only in cases in which the insured's intentional act and the harm caused are intrinsically tied so that the act has necessarily resulted in the harm. Limiting the scope of the doctrine is appropriate because the rule is needed only in a narrow range of cases—those in which the insured's testimony on harmful intent is irrelevant because the intentional act could not have been done without causing harm. Thus, an insured's intent to cause injury or damage may be inferred only when that harm is intrinsically tied to the act of the insured—i.e., the action necessitates the harm. The doctrine of inferred intent does not apply only to cases arising from acts of murder or sexual molestation. * * * [H]owever, courts should be careful to avoid applying the doctrine in cases where the insured's intentional act will not necessarily result in the harm caused by that act.

*Campbell*, 2010-Ohio-6312 at ¶ 48.

{¶37} In following the Supreme Court's analysis in *Campbell*, the trial court denied Allstate's motion for summary judgment based upon the intentional-acts exclusion, as Inabnitt had presented evidence via his affidavit that he did not intend to cause Seth's injuries. Accordingly, the trial court concluded there was a genuine dispute as to Inabnitt's intent to injure and whether Seth's injuries were intrinsically tied to Inabnitt's actions.

{¶38} In its decision, the trial court focused on whether Seth's bodily injury was *intended* by Inabnitt or could have reasonably been expected to result from the *intentional act* of Inabnitt. As such, the trial court primarily analyzed Inabnitt's intent during the incident and whether his intentional act was intrinsically tied to the harm suffered by Seth. Notwithstanding the trial court's focus on Inabnitt's intent, the plain language of the Policy excludes coverage for both intentional *and* criminal acts. That is, in addition to intentional acts, the Policy's "intentional or criminal acts exclusion" also precludes coverage for bodily injury "*which may reasonably be expected to result from the* intentional *or criminal acts*" of Inabnitt. (Emphasis added.)

{¶39} In this case, and as noted above, Inabnitt was convicted of felonious assault as a result of the incident. Given his conviction, it is indisputable that Inabnitt committed a criminal act when he knowingly caused serious physical harm to Seth during their altercation on the stairway. Accordingly, the relevant inquiry here is whether Inabnitt reasonably expected the injury to result from his criminal act. *Granger v. Auto-Owners, Ins.*, 144 Ohio St.3d 57, 2015-Ohio-3279, ¶ 36.

{¶40} Based upon his conviction, Inabnitt clearly acted "knowingly." However, the mental state of knowingly also establishes he was aware his criminal conduct or actions on the stairway would "probably cause a certain result," i.e. serious physical injury to Seth, or would "probably be of a certain nature," i.e., seriously injurious. Thus, because he was

found guilty of felonious assault, Inabnitt was aware that serious physical harm would "probably" result from his actions. R.C. 2901.22(B). Accordingly, based upon the definition of "knowingly," in addition to Inabnitt's conviction for felonious assault, reasonable minds could only conclude that he "reasonably expected" Seth would sustain bodily injury as a result of his criminal acts on the stairway. This is true even if Seth's injuries were ultimately more serious than Inabnitt reasonably expected. Coverage for such damages remains precluded by the intentional or criminal acts exclusion of the Policy, which specifically states the exclusion applies even if "such bodily injury * * * is of a different kind or degree than intended or reasonably expected."

{¶41} As such, based upon the plain language of the Policy's intentional or criminal acts exclusion, we find the trial court erred in declining to apply the exclusion in this case. Our holding is consistent with the precedent of this court, which indicates the mental state of knowingly is sufficient to trigger an intentional-acts exclusion if the exclusion includes the expected results of one's acts. *Baker*, 2003-Ohio-1614 at ¶ 10. The Policy exclusion at issue here precludes coverage not only for the expected results of one's intentional acts, but of their criminal acts as well. Therefore, due to his conviction for felonious assault, reasonable minds could only conclude that the Policy's intentional or criminal acts exclusion precludes coverage for the Doughmans' assault and battery claim, and that Allstate has no duty to defend or indemnify Inabnitt.

{¶42} Accordingly, the trial court erred in denying Allstate's motion for summary declaratory judgment regarding the Doughmans' assault and battery claim.

## II. Negligence Claim

{¶43} The Doughmans also alleged a negligence claim against Inabnitt, wherein they claimed he "negligently caused [Seth] to fall down a flight of stairs causing serious and

permanent injury[.]" In moving for summary judgment, Allstate argued that, although the Doughmans alleged negligence in their complaint, Inabnitt's conduct that prompted the underlying lawsuit is indisputably outside of coverage and therefore, Allstate has no duty to defend or indemnify Inabnitt.

{¶44} When construing the allegations of the complaint, the only reasonable interpretation is that the Doughmans sought damages against Inabnitt due to his criminal behavior during the incident, which caused bodily injury to Seth. Repackaging their claim as negligence does not create a triable issue of fact in this case. Specifically, as a part of its motion for summary judgment, Allstate provided evidence that Inabnitt was indicted, and subsequently convicted, due to a complaint alleging Inabnitt "threw the victim (identified as Seth) down a flight of stairs, causing serious injuries[.]" In their complaint, the Doughmans based their claims upon the same incident, and alleged that Seth sustained serious and permanent injuries when Inabnitt "attacked" Seth and caused him to fall down a flight of stairs. The Doughmans also alleged Inabnitt's actions were "intentional, unconsented and caused physical contact" with Seth and Seth did not provoke or instigate the "attack."

{¶45} Thus, despite the Doughmans' characterization of Inabnitt's acts as "negligent" in their fifth cause of action, which would typically be covered by the Policy, the crux of their claim concerns the conduct that led to Inabnitt's charge and conviction for felonious assault. As such, the allegations of the complaint, even when construed most favorably to Inabnitt, do not give rise to the possibility of coverage. This is because, as discussed in detail above, the Policy excludes coverage for bodily injury which may reasonably be expected to result from Inabnitt's criminal acts. *See Preferred Risk Ins. Co. v. Gill*, 30 Ohio St.3d 108, 112-113 (1987); *Wright v. Larschied,* 3rd Dist. Allen No. 1-14-02, 2014-Ohio-3772, ¶ 25, 30; *United Ohio Ins. Co. v. Mantle*, 2d Dist. Montgomery No. 22461,

2008-Ohio-3494, ¶ 33-38, 41.

**{¶46}** Accordingly, because the Doughmans' negligence claim seeks damages stemming from Inabnitt's commission of felonious assault upon Seth, the Policy's intentional or criminal acts exclusion precludes coverage. Therefore, we find merit to Allstate's third assignment of error, and conclude the trial court erred in denying Allstate's motion for summary declaratory judgment on the negligence claim.

### III. NIED and IIED Claims

**{¶47}** In his sole assignment of error, Inabnitt argues the trial court erred in finding that Allstate had no duty to defend or indemnify Inabnitt on the NIED and IIED claims. Inabnitt argues that, although NIED and IIED may not constitute "bodily injury," the Policy covers all damages arising from bodily injury, and the Doughmans' NIED and IIED stem from Seth's bodily injury. In support, Inabnitt relies upon *Acuity v. Masters Pharm.*, Inc., 1st Dist. Hamilton No. C-190176, 2020-Ohio-3440.

**{¶48}** In *Acuity*, the First District considered whether an insurance company was required to indemnify and defend an insured pharmaceutical distributor in lawsuits brought by governmental entities for costs incurred while combatting the opioid epidemic. *Acuity* at ¶ 1. The trial court awarded summary declaratory judgment in favor of the insurance company and found it had no duty to indemnify or defend against the claims. *Id*. at ¶ 4. Relevant here, the trial court determined that the underlying lawsuits did not state a claim that was potentially or arguably within the policy coverage because the governmental entities were seeking damages for economic losses caused by the pharmaceutical company's failure to prevent the diversion of opioids, not damages "because of bodily injury." *Id*. at ¶ 15.

**{¶49}** On appeal, the First District reversed the trial court's decision, and held that

some of the economic losses were arguably "because of" bodily injury, and therefore, the trial court erred in awarding summary judgment to the insurer. *Id.* at ¶ 29. The court specifically noted that the policy at issue expressly included damages "claimed by any person or organization for care, loss of services or death resulting at any time from the bodily injury." *Id.* at ¶ 8. Relying on cases from various circuit courts interpreting the same or similar policy language, the First District found there was arguably a causal connection between the pharmaceutical company's alleged conduct and the bodily injury suffered by individuals who became addicted to opioids, overdosed, or died, and the damages suffered by the governmental entities, which included services related to the care of those individuals. *Id.* at ¶ 28. According to the court, the "web" of caselaw on the topic "has been distinguished as relating to opioid cases," and some federal courts have interpreted the phrase "because of" broadly as it relates to insurance policies. *Id.* at ¶ 16, 23. As such, the court concluded, based primarily upon an opioid case from the Seventh Circuit, that summary judgment was not proper in this case. *Id.* at ¶ 30.

**{¶50}** Our case is distinguishable from *Acuity*. The Policy in this case states Allstate will pay the "damages which an insured person becomes legally obligated to pay because of bodily injury * * * arising from an occurrence to which this policy applies, and is covered by this part of the policy." A "bodily injury" means "physical harm to the body, including sickness or disease, and resulting death." Unlike in *Acuity*, the Policy does not include any definition for or description of the term "damages."

**{¶51}** Additionally, *Acuity* does not concern damages for emotional distress. The Ohio Supreme Court has held that "'[t]he words 'bodily injury' are commonly and ordinarily used to designate an injury caused by external violence * * *.'" *Tomlinson v. Skolnik*, 44 Ohio St.3d 11, 14 (1989), quoting *Burns v. Emps.' Liab. Assur. Corp. Ltd.*, 134 Ohio St. 222,

232-233 (1938). In accordance with *Tomlinson*, several appellate districts in Ohio, including this district, have held that emotional injuries are not bodily injuries. *Bowman v. Holcomb*, 83 Ohio App. 3d 216 (12th Dist.1992); *Erie Ins. Co. v. Stalder*, 114 Ohio App. 3d 1, 7-8 (3rd Dist.1996); *Vance v. Sang Chong, Inc.*, 11th Dist. Lake No. 88-L-13-188, 1990 Ohio App. LEXIS 4883, *3 (Nov. 9, 1990); *Reichard v. Nationwide Mut. Fire Ins. Co.*, 2d Dist. Montgomery No. 13392, 1992 Ohio App. LEXIS 6340, *2-3. Based upon this longstanding principle, other Ohio courts have held that an insurance company has no duty to defend or indemnify an insured for an emotional distress claim where the policy at issue provides coverage for damages "because of" bodily injury. *See, e.g.*, *Erie Ins. Co.* at 7-8, citing *Bowman*. This is true even if the alleged emotional distress was connected to the bodily injury of the complaining party. *Id.*

**{¶52}** When considering the above, we decline to find the Policy language at issue includes coverage for the type of injury alleged here, i.e., emotional distress stemming from Inabnitt's commission of felonious assault. Accordingly, we conclude the trial court did not err in finding that Allstate has no duty to defend or indemnify Inabnitt on the intentional or negligent infliction of emotional distress claims.

### IV. Punitive Damages and Loss of Consortium

**{¶53}** The trial court also denied Allstate's motion for summary judgment relating to the Doughmans' claims of punitive damages and loss of consortium.

**{¶54}** A claim for punitive damages is a derivative claim and its survival relies on the survival of at least one of the primary claims. *Martcheva v. Dayton Bd. of Educ.*, 2d Dist. Montgomery No. 29144, 2020-Ohio-3524, ¶ 86, citing *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 515 (6th Cir.2003) (a claim for punitive damages is derivative in nature and "may not provide greater relief than that available under the primary cause of action"); *Stolz v.*

*J&B Steel Erectors, Inc.*, 76 F.Supp.3d 696, 703 (S.D. Ohio 2014). Here, because the policy does not provide coverage for any of the underlying claims, it likewise does not provide coverage for the Doughmans' punitive damages claim. *See Ward v. United Foundries, Inc.*, 5th Dist. Stark No. 2009 CA 00019, 2010-Ohio-6694 (finding the insurer had no duty to defend nor indemnify claims for punitive damages and loss of consortium where an intentional-acts exclusion applied).

{¶55} Coverage for the Doughmans' loss of consortium claim is similarly barred. Like punitive damages, a claim for loss of consortium is a derivative action and relies upon the viability of the primary action. *Blevins v. Sorrell*, 68 Ohio App. 3d 665, 671 (12th Dist.1990). Therefore, because the Policy does not provide coverage for any of the underlying claims, it does not provide coverage for the Doughmans' loss of consortium claim.

**Conclusion**

{¶56} In accordance with the above, we find there is no genuine issue of material fact that the Policy does not provide coverage for the Doughmans' claims relating to, or arising from, the incident. Consequently, reasonable minds could only conclude that Allstate does not have a duty to defend or indemnify Inabnitt in those claims and is therefore, entitled to summary declaratory judgment in its favor. As such, we sustain Allstate's four assignments of error, reverse the trial court's decision denying Allstate's motion for summary declaratory judgment as it relates to the claims for assault and battery, negligence, loss of consortium, and punitive damages, and, pursuant to App.R. 12(B), enter judgment on behalf of Allstate on those four claims. We likewise overrule Inabnitt's assignment of error and affirm the trial court's award of summary judgment on the Doughmans' IIED and NIED claims.

{¶57} Judgment affirmed in part, reversed in part, and judgment entered on behalf of Allstate.

PIPER, P.J., and BYRNE, J., concur.